UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARTIN COHEN,

                                                        *Plaintiff*,

                    -against-                                                23-CV-224

RUSSELL RICHARDSON, et al.,                                       AMN/CFH

                                                        *Defendants*.

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CUSHMAN'S MOTION TO DISMISS

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant Genevra Cushman
The Capitol
Albany, New York 12224

Stacey Hamilton
Assistant Attorney General, of Counsel
Bar Roll No. 510484
Telephone: (518) 776-2288
Date: April 11, 2023

**Table of Contents**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT .................................................................................................................... 1

    I.     Plaintiff fails to state a claim upon which relief can be granted. ............................ 1

    II.    Defendant Cushman is Entitled To Eleventh Amendment Immunity ................... 4

    III.   Defendant Cushman is Entitled To Qualified Immunity ....................................... 5

CONCLUSION .................................................................................................................. 6

## Table of Authorities

CASES                                                                           PAGE(S)

Ashcroft v. Iqbal,
 556 U.S. 662 (2009)..............................................................................................1, 2

Bell Atlantic Corp. v. Twombly,
 550 U.S. 544 [2007]...........................................................................................1, 3, 4

Brown v. New York,
 975 F.Supp.2d 209 (N.D.N.Y. 2013)........................................................................4

Burch v. Pioneer Credit Recovery, Inc.,
 551 F.3d 122 (2d Cir. 2008).......................................................................................2

Clark v. Gardner,
 256 F. Supp. 3d 154 (N.D.N.Y. 2017).....................................................................4

Cornejo v. Bell,
 592 F3d. 121 (2d Cir. 2010).......................................................................................2

Davis v. New York,
 316 F.3d 93 (2d Cir. 2002).........................................................................................4

Fiedler v. Incandela,
 222 F. Supp 3d 141 (E.D.N.Y. 2016) ......................................................................2

Holmes v. Grubman,
 568 F.3d 329 [2d Cir. 2009]......................................................................................2

Jones v. N.Y. State Metro Developmental Disabilities Services,
 543 Fed. Appx. 20 (2d Cir. 2013)..............................................................................4

Morpurgo v. Inc. Vill. of Sag Harbor,
 697 F.Supp. 2d 309 (E.D.N.Y. 2010) .......................................................................2

Plumhoff v. Rickard,
 134 S. Ct. 2012 (2014)...............................................................................................5

Taylor v. Barkes,
 135 S. Ct. 2042 (2015)...............................................................................................5

Terebesi v. Torreso,
 764 F. 3d 217 (2d Cir. 2014)......................................................................................5

Thomas v. City of Troy,
    293 F.Supp.3d 282 (N.D.N.Y. 2018)..........................................................................2

Wood v. Moss,
    134 S. Ct. 2056 (2014)..............................................................................................5

Ying Jing Gan v. City of New York,
    996 F.2d 522 (2d Cir. 1993).....................................................................................4

**CONSTITUTIONAL PROVISIONS**

Eleventh Amendment.............................................................................................................4

**RULES**

Federal Rules of Civil Procedure
    Rule 12(b)(6)........................................................................................................1, 4

## PRELIMINARY STATEMENT

In this action, Plaintiff Martin L. Cohen purports to seek an order finding that fusion voting, as administered in New York State, is unconstitutional; and to restrain federal agents from blocking the Plaintiff's efforts before the State Board of Elections.  Dkt. No. 1, pg. 5. Plaintiff also purports to seek a referral of misconduct to the federal Inspector General for Tax Administration, and the Director of Professional Conduct at the U.S. Department of Justice, as well as a finding that the State Board of Elections is administering the election law in a manner that is depriving the voters of a fair election.  Dkt. No. 1, pg. 4.  Defendant Genevra Cushman, a special investigator employed by the New York State Board of Elections, moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an Order dismissing the Complaint against her.

## ARGUMENT

### I.    Plaintiff fails to state a claim upon which relief can be granted.

To withstand a motion to dismiss under FRCP 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 [2007]).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 570.  This plausibility standard, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (quoting Twombl*y*, 550 U.S. at 555).  If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.

1

Determining whether a complaint states a plausible claim for relief requires a Court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." <u>Iqbal</u>, 556 U.S. at 679. While the court should accept factual allegations as true and draw reasonable inferences in the plaintiff's favor (*see* <u>Holmes</u> <u>v. Grubman</u>, 568 F.3d 329, 335 [2d Cir. 2009]; <u>Burch v. Pioneer Credit Recovery, Inc.</u>, 551 F.3d 122, 124 (2d Cir. 2008)), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a motion to dismiss because such statements are not entitled to the presumption of truth. <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 555); *see* <u>Thomas v. City of Troy</u>, 293 F.Supp.3d 282, 293 (N.D.N.Y. 2018).

To state a claim under section 1983, a plaintiff must allege that the challenged conduct (1) was "committed by a person acting under color of state law," and (2) "deprived [the plaintiff] of rights, privilege, or immunities secured by the Constitution or laws of the United States." <u>Cornejo v. Bell</u>, 592 F3d 121, 127 (2d Cir. 2010) (quoting <u>Pitchell v. Callan</u>, 13 F.3d 545, 547 (2d Cir. 1994)). "To prevail on a section 1983 conspiracy claim the plaintiff must establish: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." <u>Fiedler v. Incandela</u>, 222 F. Supp 3d 141, 165 (E.D.N.Y. 2016) (quotations omitted). "To sustain a claim for conspiracy under section 1983, a plaintiff must demonstrate that [the] defendants 'acted in a willful manner, culminating in an agreement, understanding, or meeting of the minds, that violated the plaintiff's rights….secured by the constitution or federal courts.'" <u>Morpurgo v. Inc. Vill. of Sag Harbor</u>, 697 F.Supp. 2d 309 (E.D.N.Y. 2010) (quoting <u>Malsh v. Corr. Officer Austin</u>, 901 F.Supp. 757, 765 (S.D.N.Y. 1995).

2

The Plaintiff fails to assert any allegations connecting Defendant Cushman to the actions Plaintiff complains of.  In fact, other than being named as a defendant in the caption of the Complaint, Defendant Cushman's name does not appear anywhere in the Complaint.  The Plaintiff alleges that:  federal agents have either blocked his efforts or have spread false and derogatory information about him to members and staff of the State Board of Elections (Dkt. No. 1, pg.5, 7); the primary defendants in this mater are IRS agents that are participating in a criminal conspiracy, in addition, this is a conspiracy that also involves two or three attorneys, a judge, and a federal prosecutor (Dkt. No. 1, pg. 6); the plaintiff's communications with the SBE have been blocked or intentionally mishandled, IRS agents have unlimited access to technology and resources specifically designed for such purposes (Dkt. No. 1, pg. 6); and federal agents and members of the conspiracy are seeking to avoid exposure by blocking attempts by the plaintiff to investigate and enforce the election laws (Dkt. No. 1, pg. 7).  The Complaint is devoid of allegations against Defendant Cushman that would allow the court to draw the reasonable inference that she is liable for any misconduct alleged in the Complaint.  *See* Twombly, supra.

While the Plaintiff alleges, "This is an action involving Board members and staff of the New York State Board of Elections ("the SBE")," (Dkt. No. 1, pg. 6) no board members are named as defendants, and the Complaint does not contain any allegations that any board or staff members of the SBE violated the Plaintiff's constitutional rights.  *See* Dkt. No. 1.  While the Plaintiff claims that his communications with the SBE have been blocked or intentionally mishandled, he does not connect that allegation to any individual at the SBE, and he further states, "IRS agents have unlimited access to technology and resources specifically designed for such purposes" implying that individuals other than board or staff members from the SBE were responsible for the conduct alleged. Dkt. No. 1, pg. 6.  The only conduct that Plaintiff attributes to the SBE in the entirety of his

3

Complaint is that an unnamed SBE staff member never responded to his alleged communications to the SBE. Dkt. No. 1, pg. 7. Not only is this conclusory statement not entitled to the presumption of truth (Twombly, 550 U.S. at 555), it does not allege unlawful behavior, and is not sufficient to satisfy the Plaintiff's burden pursuant to FRCP 12(b)(6) to state a claim upon which relief can be granted as to Defendant Cushman. Based on the foregoing, Plaintiff's Complaint as to Defendant Cushman must be dismissed.

## II.    Defendant Cushman is Entitled To Eleventh Amendment Immunity

"The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such a suit or an express statutory waiver of immunity." Brown v. New York, 975 F.Supp.2d 209, 221 (N.D.N.Y. 2013). To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state. Ying Jing Gan v. City of New York, 996 F.2d 522 (2d Cir. 1993). "The Eleventh Amendment protects states against suits brought in federal court." Clark v. Gardner, 256 F. Supp. 3d 154, 164 (N.D.N.Y. 2017) (citations omitted). "The immunity granted to the states under the Eleventh Amendment extends beyond the states themselves to state agents and instrumentalities that are effectively arms of the state, [citation omitted], and unless waived, bars all money damage claims against state officials acting in their official capacities." Id. (citation omitted); *see also* Davis v. New York, 316 F.3d 93 (2d Cir. 2002) (observing that an incarcerated plaintiff's claims for damages against individual corrections department employees sued in their official capacities are considered claims against New York, and therefore, are barred by the state's Eleventh Amendment immunity). It is well-established that the State of New York has not waived sovereign immunity from suits for

damages under §1983. <u>Jones v. N.Y. State Metro Developmental Disabilities Services</u>, 543 Fed. Appx. 20, 22 (2d Cir. 2013).

In his Complaint, Plaintiff states that he is suing Defendant Genevra Cushman as a "staff member." Dkt. No. 1, pg. 2. Accordingly, to the extent Plaintiff attempts to assert official capacity claims against Defendant Cushman, said claims must be dismissed.

### III. Defendant Cushman is Entitled to Qualified Immunity

"Officials are sheltered from suit, under a doctrine known as qualified immunity, when their conduct 'does not violate clearly established…constitutional rights' a reasonable official, similarly situated, would have comprehended." <u>Wood v. Moss</u>, 134 S. Ct. 2056, 2016 (2014) quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982); <u>Plumhoff v. Rickard</u>, 134 S. Ct. 2012 (2014). The qualified immunity defense requires a two-part analysis. <u>Terebesi v. Torreso</u>, 764 F. 3d 217, 230 (2d Cir. 2014). First, Plaintiff must show that Defendants' conduct violated a constitutional right. <u>Id</u>. Second, if Plaintiff makes such a showing, the next inquiry is "whether the right was clearly established at the time of the challenged conduct." <u>Id</u>. "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." <u>Taylor v. Barkes</u>, 135 S. Ct. 2042 (2015).

Plaintiff's Complaint fails to meet the first prong of this analysis as he fails to allege any conduct on the part of Defendant Cushman that violated a constitutional right. *See*. Dkt. 1. In fact, the Complaint contains no specific allegations against Defendant Cushman at all. <u>Id</u>. For that reason alone, the Complaint must be dismissed as to this Defendant. Plaintiff fails the first prong of the two-part analysis of the qualified immunity defense, therefore, Defendant Cushman is entitled to qualified immunity.

## CONCLUSION

For the reasons set forth above, Defendant Cushman submits that Plaintiff's Complaint, as against her, should be dismissed in its entirety together with such other and further relief that the Court deems just and proper.

Dated:  Albany, New York
       April 11, 2023

                           LETITIA JAMES
                           Attorney General of the State of New York
                           Attorney for Defendant Genevra Cushman
                           The Capitol
                           Albany, New York 12224

                           By: *s/ Stacey Hamilton*
                           Stacey Hamilton
                           Assistant Attorney General, of Counsel
                           Bar Roll No. 510484
                           Telephone: (518) 776-2288
                           Email: Stacey.Hamilton@ag.ny.gov

TO:    Martin L. Cohen
        Plaintiff pro se
        1 Shore Ave Unit 464
        Oyster Bay, NY  11771-6020