**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

MARTIN L. COHEN,

                Plaintiff,

      v.                                      1:23-cv-00224 (AMN/CFH)

RUSSEL RICHARDSON, *in his official capacity*,
DAVID PERRY, *in his official capacity*, GENEVA
CUSHMAN, *in her official capacity*, AND
UNKNOWN CO-CONSPIRATOR FEDERAL
AGENTS AND MEMBERS OF THE STATE
BOARD OF ELECTIONS IN NEW YORK,

                Defendants.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **MARTIN L. COHEN**<br>Oyster Bay, NY 11771<br>*Plaintiff pro se* | |
| **U.S. DEPARTMENT OF JUSTICE**<br>Tax Division<br>P.O. Box 55<br>Washington, D.C. 20044<br>*Attorneys for Defendants Russel Richardson and*<br>*David Perry* | **CLAIRE A. SHIMBERG, ESQ.** |
| **NEW YORK STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, NY 12224<br>*Attorneys for Defendant Geneva Cushman* | **STACEY A. HAMILTON, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.      INTRODUCTION

      Presently before the Court is Defendant Geneva Cushman's ("Cushman") motion to

dismiss Plaintiff *pro se* Martin L. Cohen's ("Plaintiff") Complaint, Dkt. No. 1 (the "Complaint"),

pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule 12"), and on Eleventh Amendment immunity and qualified immunity grounds, Dkt. No. 12 (the "New York Motion"), and Defendants Russel Richardson ("Richardson") and David Perry's ("Perry") motion to dismiss the Complaint pursuant to Rule 12 and on sovereign immunity grounds, Dkt. No. 56 (the "United States Motion").  Additionally, Plaintiff has filed numerous applications with the Court seeking various additional forms of relief.[1]

For the reasons set forth below, Defendants' Motions are granted, the Complaint is dismissed with prejudice, and Plaintiff's applications for relief are denied as moot.

## II.    BACKGROUND

The following facts are drawn from the Complaint unless otherwise noted, and are assumed to be true for purposes of ruling on the Motions.  *See Div. 1181 Amalg. Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*).

### A.  The Parties

Plaintiff is a citizen of New York who resides in Oyster Bay within Nassau County.  Dkt. No. 1 at 1.[2]  At all relevant times, Defendants Russel Richardson and David Perry were Special Agents for the United States Internal Revenue Service ("IRS") based in Nassau County, New York.  *Id*. at 1-2.  They are each sued only in their official capacities as federal agents.  *Id*.

---

[1] Plaintiff's additional applications consist of his motion for partial summary judgment, Dkt. No. 48, which has been held in abeyance pending the resolution of the instant Motions, *see* Dkt. No. 51, as well as eleven other applications, *see* Dkt. Nos. 52 (seeking a chambers meeting); 53 (seeking to have the Court take judicial notice); 55 (seeking a formal motion to validate the N.Y. Motion); 58 (seeking to change the case caption); 61 (same as Dkt. No. 58); 62 (seeking emergency service); 65 (seeking to have the Court take judicial notice); 78 (seeking a conference); 79 (seeking to recall and resubmit Dkt. No. 69); 83 (seeking to have service acknowledged); 87 (seeking judicial intervention pursuant to 28 U.S.C. § 136(b)).

[2] Citations to docket entries utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

Defendant Geneva Cushman is a special investigator employed by the New York State Board of Elections ("NYSBE") in Albany, New York. *Id*. Cushman is also sued only in her official capacity. *Id*. Plaintiff additionally seeks to hold liable other federal agents and NYSBE employees and members as unnamed co-conspirator Defendants, some of whom Plaintiff names in the Complaint or in subsequent submissions to the Court. *See id*. at 1, 4, 8; Dkt. No. 42 at 5. Plaintiff seeks to sue all Defendants only in their official capacities. *See* Dkt. No. 16 at 1, 3.

### B. The Instant Action

Plaintiff alleges an effort by Defendants to prevent him from resolving his grievances before the NYSBE, all of which generally concern New York's practice of allowing fusion voting in state court judicial elections.[3] *See* Dkt. No. 1 at 5-8. Plaintiff posits that but for the illegal acts of IRS agents, including but not limited to Defendants Perry and Richardson, the NYSBE, including Defendant Cushman, would have responded to and investigated his grievances and brought enforcement actions to alter New York's current system of voting, which allows fusion voting in judicial elections.[4] *Id*. Thus, the primary conduct at issue in the Complaint is the action, or rather inaction, of the NYSBE in response to Plaintiff's grievances. *Id*. at 6-8.[5] Plaintiff

---

[3] Fusion voting, "also called cross-filing or multiple-party nomination, is the electoral support of a single [candidate or] set of candidates by two or more parties." *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 353 n.1, 370 (1997) (quotation omitted) (holding "that Minnesota's fusion ban does not unconstitutionally burden the [plaintiff's] First and Fourteenth Amendment rights"). In particular, Plaintiff complains of judicial elections in which each candidate is cross-endorsed or there are only enough candidates to fill the open positions. Dkt. No. 1 at 5 ("In many judicial districts in New York, every judicial candidate is cross-endorsed, thereby, depriving voters of any voter choice . . . .").

[4] Plaintiff asserts that IRS agents have engaged in an illegal underlying scheme against him, beginning as early as 1997 when "a false complaint for tax fraud was filed against him." Dkt. No. 1 at 6. Plaintiff maintains, however, that he "has never been charged or indicted for any crime at any[ ]time in his adult life . . . ." *Id*.

[5] In his Opposition to the New York Motion, Plaintiff provides additional factual allegations in support of his Complaint, some of which the Court considers in resolving the instant Motions. For example, Plaintiff accuses various individuals who work for the NYSBE by name, in addition to

believes and asserts that IRS agents have misinformed, threatened, and intimidated the NYSBE into refusing to respond to his grievances. *Id*. at 6-7.

For relief, Plaintiff seeks: (1) injunctive relief barring federal agents from inhibiting Plaintiff's efforts before the NYSBE; (2) a referral of the alleged misconduct by these federal agents to the Inspector General for Tax Administration and the Director of Professional Conduct at the United States Department of Justice; and (3) a declaratory judgment that when NYSBE administers judicial elections in a manner that allows fusion voting, it deprives voters of a fair election. *Id*. at 4-5, 8.

## III.   STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is properly granted "when the court lacks statutory or constitutional authority to adjudicate it." *Cayuga Indian Nation of New York v. Vill. of Union Springs*, 293 F. Supp. 2d 183, 187 (N.D.N.Y. 2003) (citing *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)).  To resolve such motion, the court "accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) (citing *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 63 (2d Cir. 1997)).  As relevant here, "federal question jurisdiction exists where 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Union Springs*, 293 F. Supp. 2d at 188 (quoting *Perpetual Sec. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002)).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal

---

Defendant Cushman, of "ignoring Plaintiff's many complaints;" "ignoring Plaintiff's official correspondence;" "failing to take any action;" "purposely losing the plaintiff's complaints, and applying the wrong state law;" and "engaging in selective enforcement."  Dkt. No. 42 at 5.

sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleadings, the court may consider documents that are "integral" to the pleadings even if they are neither physically attached to, nor incorporated by reference into, the pleadings. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), with sufficient factual "heft to show that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the . . . complaint must be dismissed." *Id.* at 570.

"[I]n a *pro se* case . . . the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## IV.    DISCUSSION

The Court reads the Complaint with respect to the allegation against all Defendants to assert claims for constitutional violations pursuant to the federal civil rights law, 42 U.S.C. § 1983 ("Section 1983").  *See* Dkt. No. 1 at 2 (omitting answer to question about basis of federal question jurisdiction).  The Court considers the allegations against the named and unnamed state and federal Defendants in resolving the Motions.  *See Collins v. City Univ. of N.Y.*, No. 21 CIV. 9544 (NRB), 2023 WL 1818547, at *5 n.4 (S.D.N.Y. Feb. 8, 2023) (observing that "a 'state official in his or her official capacity, when sued for injunctive relief, is a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State'") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989)); *see, e.g.*, *Cuello v. Lindsay*, No. 09-CV-4525 (KAM) (MDG), 2011 WL 1134711, at *1 n.2 (E.D.N.Y. Mar. 25, 2011) (dismissing unnamed defendants with prejudice after finding that amendment would be futile).

### A.    The New York Motion

Plaintiff's allegations concerning Cushman and others at the NYSBE (the "New York Defendants") focus on three types of conduct: failure to adequately respond to certain correspondence, failure to adequately investigate and prosecute purported election-related wrongdoing, and failure to alter judicial elections in which each candidate is cross-endorsed, or

there are only as many candidates as there are open positions. Cushman moves to dismiss Plaintiff's claims against her pursuant to Rule 12 and on qualified immunity and Eleventh Amendment sovereign immunity grounds.

As an initial matter, Cushman's arguments concerning qualified immunity and Eleventh Amendment sovereign immunity are unavailing. First, "[t]he doctrine of qualified immunity protects government officials from liability for money damages in actions arising out of performance of their discretionary functions. It does not bar declaratory and injunctive relief . . . ." *Allen v. Coughlin*, 64 F.3d 77, 81 (2d Cir. 1995) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) and *Giacalone v. Abrams*, 850 F.2d 79, 84 (2d Cir. 1988)); *accord Peoples v. Leon*, No. 9:18-CV-1349 (LEK/ML), 2021 WL 1582173, at *27 (N.D.N.Y. Jan. 4, 2021), *report and recommendation adopted*, 2021 WL 977222 (N.D.N.Y. Mar. 16, 2021). Second, in *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established that the Eleventh Amendment does not bar a suit against a state official in his or her official capacity when a plaintiff "(a) alleges an ongoing violation of federal law, and (b) seeks relief properly characterized as prospective." *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *accord Dean v. Annucci*, No. 9:22-CV-0746 (BKS/ML), 2023 WL 2325074, at *5 n.5 (N.D.N.Y. Mar. 2, 2023). Notably, "the [E]leventh [A]mendment does not forbid federal courts from granting injunctive relief against a state official acting contrary to the United States Constitution." *Cecos Int'l, Inc. v. Jorling*, 706 F. Supp. 1006, 1024 (N.D.N.Y. 1989). In this case, Plaintiff only seeks declaratory and prospective injunctive relief. *See* Dkt. No. 42 at 6 (As to the New York Defendants, "[P]laintiff is merely asking for a declaratory judgment based on his Complaint."). Accordingly, the judicial doctrine of qualified immunity and the Eleventh Amendment do not bar Plaintiff's suit against the New York Defendants.

Cushman also argues that the Complaint fails to state a claim under Rule 12(b)(6).  She first argues that the Complaint does not refer to her by name other than in the case caption.  Dkt. No. 12-1 at 7 ("The Complaint is devoid of allegations against Defendant Cushman that would allow the court to draw the reasonable inference that she is liable for any misconduct alleged in the Complaint.").  In addition, Cushman argues that the Complaint's allegation of state conduct (a) is a "conclusory statement not entitled to the presumption of truth," and (b) "does not allege unlawful behavior . . . ."  *Id*. at 8.  As such, Cushman contends that the Complaint fails to meet either prong of the pleading standard for a motion to dismiss pursuant to Rule 12(b)(6).  *Id*. at 5-8 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  The Court finds both of Cushman's arguments persuasive and dismisses Plaintiff's claims against the New York Defendants for failure to state a claim.  *See, e.g.*, *Eisenberg v. Dist. Att'y of Cnty. of Kings*, 847 F. Supp. 1029, 1038 (E.D.N.Y. 1994) (finding that "while the [defendant] is not immune from claims for declaratory and injunctive relief, plaintiff has alleged no facts upon which this Court can grant injunctive or declarative relief in order to protect plaintiff's civil rights" and denying leave to amend) (quotation and citations omitted).

In addition, Plaintiff's Complaint suffers from a yet more critical defect: Plaintiff implausibly alleges Article III standing with respect to his claims.  *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 148 (2d Cir. 2011) ("for [a plaintiff] to have standing to sue, its alleged injury in fact must be plausible") (citing *Iqbal*, 556 U.S. at 678).  "Under Article III of the Constitution, plaintiffs are required to establish standing to sue for damages in federal court by showing: 1) that they 'suffered an injury in fact that is concrete and not conjectural or hypothetical;' 2) that 'the injury is fairly traceable to the actions of the defendant;' and 3) that 'the injury will be redressed by a favorable decision.'"  *Credico v. New York State Bd. of Elections*,

No. 10 CV 4555 (RJD) (CLP), 2013 WL 3990784, at *7 (E.D.N.Y. Aug. 5, 2013) (quoting *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012)).  Plaintiff's allegations that the NYSBE has failed to act simply do not present cognizable injuries to Plaintiff that the Court can remedy.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (affirming dismissal for lack of standing because "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution" and collecting cases); *Ostrowski v. Mehltretter*, 20 F. App'x 87, 90-91 (2d Cir. 2001) (confirming that the standing holding in *Linda R.S.* is still good law following *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), and dismissing claims because the "tenuous causal chain laid out by [plaintiff] is constitutionally insufficient to ground standing").  Indeed, the Complaint makes no allegation of unlawful conduct by the NYSBE.  *See* Dkt. No. 12-1 at 7-8; *supra* § II.B. & n.5.  It follows then that, as a matter of law, the Court simply cannot remedy the NYSBE's decisions to not (a) respond to certain correspondence; (b) investigate or prosecute certain alleged violations of election law; or (c) require adjustments to judicial elections in New York in which all candidates are cross-listed or there are only as many candidates as open positions.[6]  *See, e.g.*, *Mayo v. Mayo*, No. 1:23-CV-03370-NRM, 2023 WL 5587596, at *2 (E.D.N.Y. Aug. 29, 2023) ("a private citizen lacks a

---

[6] Plaintiff concedes, and the Court confirms, that fusion voting is constitutional.  *See* Dkt. No. 1 at 5 ("The US Supreme Court has upheld the practice of fusion voting in general."); Dkt. No. 42-1 at 5 (citing *Timmons v. Twin Cities Area New Party*, 520 U.S. 351 (1997)).  Although Plaintiff believes certain instances of fusion voting deny him a choice of candidates, he points to no constitutional or statutory principle directing that individuals have an affirmative right to multiple candidates for elected positions, and the Court has found none.  *See, e.g.*, *EH Fusion Party v. Suffolk Cnty. Bd. of Elections*, 783 F. App'x 50, 53 (2d Cir. 2019) (upholding dismissal of challenge to multi-party nomination rules in N.Y. Elec. Law § 6-146); *Gonsalves v. New York State Bd. of Elections*, 974 F. Supp. 2d 191, 201-03 (E.D.N.Y. 2013) (holding that New York's fusion voting system is consistent with "promoting fair and honest elections" because it "does not: (1) restrict a candidate from appearing on the ballot; (2) forbid a candidate from identifying with [a party] on the ballot; or (3) deny citizens the right to vote for any" candidate) (citing *Timmons*, 520 U.S. at 364); *cf.* N.Y. Elec. Law §§ 6-120(3), 6-146(1), 7-104 (McKinney 2022).

judicially cognizable interest in the prosecution or nonprosecution of another") (quoting *Linda R.S.*, 410 U.S. at 619); *Weisshaus v. New York*, No. 08 CIV. 4053 (DLC), 2009 WL 2579215, at *3-4 (S.D.N.Y. Aug. 20, 2009) (finding that a plaintiff's "role as a complainant filing a grievance . . . does not give her a legally cognizable interest in the disciplinary proceedings that follow the filing of her grievance, just as a crime victim lacks standing to challenge the decision not to prosecute") (citing *Linda R.S.,* 410 U.S. at 619); *see also Heckler v. Chaney*, 470 U.S. 821, 831-32 (1985) (agency decision not to take enforcement actions requested by individuals not subject to review, analogizing the agency's decision with a prosecutor's decision not to indict). Accordingly, the New York Motion is granted for the additional reason that Plaintiff lacks Article III standing to sue the New York Defendants.

**B.   The United States Motion**

The United States of America, as the real party in interest and in place of Richardson, Perry, and the unnamed federal agent Defendants (collectively, the "U.S. Defendants"), moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim.[7]

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).   Further, "[t]here is no private right of action under the Tenth Amendment," *Rivera v. FBI*, 5:16-CV-00997 (NAM/TWD), 2016 WL 6081435, at *3 n.4 (N.D.N.Y. Sept. 13, 2016), *report and recommendation adopted*, 2016 WL 6072392 (N.D.N.Y. Oct. 17, 2016), that would obviate sovereign immunity in this case.   Plaintiff's arguments to the

---

[7] In deference to Plaintiff's *pro se* status, and given the fact that the named Defendants have appeared in and participated in this litigation, the Court will assume without deciding that Defendants were properly served. *Cf.* Dkt. No. 56-1 at 9-10.

contrary are not compelling.  For example, Plaintiff cites *Bimber's Delwood, Inc. v. James*, 496 F. Supp. 3d 760 (W.D.N.Y. 2020), a case concerning a challenge to state "emergency public health and public safety measures."  *Id*. at 772.  Although the Court acknowledged that there may be instances where the Tenth Amendment is enforceable against the federal government in a private action, it also noted that a prerequisite for bringing such a claim is that the litigant must be "a party to an otherwise justiciable case or controversy."  *Id*. at 786-87 (quotation omitted).[8]  Given that Plaintiff's claims against the New York Defendants fail, there is not an invasion of Plaintiff's rights or an otherwise justiciable controversy alleged.  *See Bimber's Delwood*, 496 F. Supp. 3d at 787 (denying relief where "Plaintiffs do not demonstrate a clear or substantial likelihood of proving 'beyond all question, a plain palpable invasion' of rights under the Tenth Amendment") (quoting *Jacobson v. Massachusetts*, 197 U.S. 11, 31 (1905)); *accord Montgomery v. Dep't of Corr.*, No. 3:17-cv-1635 (MPS), 2017 WL 5473445, at *1, *5 (D. Conn. Nov. 13, 2017) (finding that the Tenth Amendment "provides no private right of action for the plaintiff" for vague allegations of government agent inaction) (citing, *inter alia*, *Rivera*, 2016 WL 6081435, at *3 n.4).  Accordingly, the United States Motion is granted for lack of subject matter jurisdiction as to the U.S. Defendants.

In addition, the Court alternatively grants the United States Motion on the basis of the Complaint's failure to plausibly allege standing, for the same reasons the Court granted the New York Motion.  That is, Plaintiff has not alleged a cognizable injury which this Court can remedy, even when crediting the many conclusory allegations in the Complaint.  *See Ostrowski*, 20 F.

---

[8] The other case Plaintiff cites for support, *Vullo v. Off. of Comptroller of Currency*, 378 F. Supp. 3d 271 (S.D.N.Y. 2019), was reversed by the Second Circuit which held that the district court improperly found Article III standing.  *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 148-50 (2d Cir. 2021).  Notably, the *Bimber's Delwood* discussion of Tenth Amendment standing relied on *Vullo*, *see* 496 F. Supp. 3d at 786, and that holding was not challenged on appeal, *see Lacewell*, 999 F.3d at 138 n.9.  Assuming *arguendo* that holding from *Vullo* survived reversal does not change the result here because Plaintiff's claim is not otherwise justiciable.

App'x at 90-91; *Eisenberg*, 847 F. Supp. at 1038.  Moreover, Plaintiff's claims against the U.S. Defendants are very likely frivolous, given that not only is Plaintiff's legal theory meritless, the factual allegations concerning the U.S. Defendants also appear to be illogical and baseless.  *See* Dkt. No. 66 at 3-9 (describing allegations of Defendants' conduct with respect to Plaintiff's home, employment, income, welfare benefits, health, and marital troubles); *see also, e.g.*, *Livingston v. Adirondack Bev. Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (noting that a claim is frivolous as a matter of law "when either (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory'") (quoting *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)); *Swint v. Wireless*, No. 1:23-CV-4067 (LTS), 2023 WL 4847318, at *1-2 (S.D.N.Y. July 27, 2023) (observing that a "finding of factual frivolousness is warranted when the facts alleged are 'clearly baseless,' 'fanciful,' 'fantastic,' 'delusional' or 'wholly incredible, whether or not there are judicially noticeable facts available to contradict them'" and dismissing the *pro se* and *in forma pauperis* action) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  Even if Plaintiff's claims against the U.S. Defendants are not frivolous, they are certainly not plausible.  Therefore, the Court alternatively grants the United States Motion for failure to state a claim under Rule 12(b)(6).  *Iqbal*, 556 U.S. at 678 (requiring a plaintiff to allege "more than a sheer possibility that a defendant has acted unlawfully").

Moreover, the Court does not have authority to order the requested injunctive and declaratory relief sought with respect to federal agents who owe Plaintiff no affirmative duties. *See supra* § IV.A; *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (court authority to order federal employee action, "as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if . . . the defendant owes him a clear nondiscretionary duty"); *Bar-Levy v. Dogu*, No. 23-CV-

8925 (LTS), 2023 WL 7018837, at *2 (S.D.N.Y. Oct. 24, 2023) (denying requested relief because plaintiff's "allegations do not show that Defendants have failed to perform a clear and indisputable duty").  Thus, the Court finds that Plaintiff's claims against the U.S. Defendants suffers from an additional defect and ultimately fails to state a claim upon which this Court can grant relief.

### C.   Leave to Amend

When a complaint has been dismissed, "[t]he court should freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a)(2).  However, a court may dismiss without leave to amend when amendment would be "futile," or would not survive a motion to dismiss.  *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 491 (2d Cir. 2011).  Here, amendment would be futile because NYSBE's decisions not to alter New York's method of voting in certain judicial elections or pursue enforcement action against certain individuals in response to Plaintiff's grievances, in addition to Plaintiff's related allegations against the U.S. Defendants, could not state a claim for relief.[9]  *See, e.g.*, *Florence v. Seggos*, No. 21-834, 2022 WL 2046078, at *3 (2d Cir. June 7, 2022) (summary order) (affirming dismissal without leave to replead where "there [wa]s no indication that Plaintiffs could provide any additional allegations to salvage the otherwise deficient . . . claims"); *Brady v. Ostrager*, 834 F. App'x 616, 619 (2d Cir. 2020) (summary order) (finding that "the district court correctly held that amendment would be futile" where plaintiff's claims were barred by judicial immunity); *Cuello*, 2011 WL 1134711, at *1 n.2 (dismissing claims against named and unnamed defendants in their official capacities with prejudice).  As such, the Complaint is dismissed with prejudice and without leave to amend as to all Defendants.

---

[9] Indeed, beyond the allegations in the Complaint, the Court has reviewed myriad subsequent filings and arguments containing restated as well as new facts, *see supra* n.1, none of which suggest arguments that would withstand a Rule 12 motion to dismiss.

## V.      CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant Cushman's motion to dismiss, Dkt. No. 12, is **GRANTED**; and the Court further

**ORDERS** that Defendants Richardson and Perry's motion to dismiss, Dkt. No. 56, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED with prejudice and without leave to amend as to all named and unnamed Defendants**; and the Court further

**ORDERS** that Plaintiff's pending requests for relief, Dkt. Nos. 48, 52, 53, 55, 58, 61, 62, 65, 78, 79, 83, and 87 are **DENIED as moot**; and the Court further

**ORDERS** that Defendants' pending requests for a pre-motion conference, Dkt. Nos. 80, 85, are **DENIED as moot**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules, and to close the case.

**IT IS SO ORDERED.**

Dated: <u>February 5, 2024</u>
        Albany, New York

Anne M. Nardacci
U.S. District Judge