UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARTIN L. COHEN,

                        Plaintiff,

     v.                                       1:23-cv-00224 (AMN/CFH)

RUSSEL RICHARDSON, *in his official capacity*,
DAVID PERRY, *in his official capacity*, GENEVA
CUSHMAN, *in her official capacity*, and
UNKNOWN CO-CONSPIRATOR FEDERAL
AGENTS AND MEMBERS OF THE STATE
BOARD OF ELECTIONS IN NEW YORK,

                        Defendants.

---

**APPEARANCES:**                                      **OF COUNSEL:**

**MARTIN L. COHEN**
1 Shore Avenue #464
Oyster Bay, NY 11771
*Plaintiff pro se*

**U.S. DEPARTMENT OF JUSTICE**              **CLAIRE A. SHIMBERG, ESQ.**
Tax Division
P.O. Box 55
Washington, D.C. 20044
*Attorneys for Defendants Russel Richardson and
David Perry*

**NEW YORK STATE ATTORNEY GENERAL**    **STACEY A. HAMILTON, ESQ.**
The Capitol
Albany, NY 12224
*Attorneys for Defendant Geneva Cushman*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Presently before the Court is Plaintiff *pro se* Martin L. Cohen's ("Plaintiff") motion for

reconsideration in response to this Court's February 5, 2024 Memorandum Decision and Order granting Defendants' motions to dismiss and dismissing Plaintiff's Complaint, Dkt. No. 88 (the "Dismissal Order"). Dkt. No. 99 (the "Motion"). Defendant United States of America, as real party in interest for the named Defendants Russel Richardson and David Perry (the "U.S. Defendants"), filed an Opposition to the Motion, Dkt. No. 100 (the "Opposition"), and Plaintiff filed a Reply in support of the Motion, Dkt. No. 101 (the "Reply"). Defendant Cushman did not respond to the Motion. Additionally, Plaintiff filed a motion for leave to file a supplemental complaint, Dkt. No. 102, which he subsequently sought to withdraw, Dkt. No. 103.

For the reasons set forth below, Plaintiff's motions are denied.

## II.   BACKGROUND

### A.   The Court's February 5, 2024 Dismissal Order[1]

The Complaint alleges that Defendants, acting in their official capacities, engaged in conduct that violated Plaintiff's federal constitutional rights, which violations are actionable pursuant to the federal civil rights law, 42 U.S.C. § 1983 ("Section 1983"). *See* Dkt. No. 88 at 6-13; Dkt. No. 1 at 2.[2] The Court's Dismissal Order granted Defendants' motions to dismiss, Dkt. Nos. 12, 56, holding, *inter alia*, that Plaintiff lacked Article III standing and further that Plaintiff's claims were implausible and failed under Rule 12(b)(6). Dkt. No. 88 at 6-14. In making this determination, the Court considered all of the allegations in the Complaint, in Plaintiff's oppositions to the motions, and in Plaintiff's many subsequent filings and applications. *See id*. at 2-4 & nn.1, 3-5. The Court did not address allegations irrelevant to the claims alleged in the

---

[1] The parties' familiarity with the background of this matter is assumed, and only those facts relevant to resolving the Motion are discussed here.

[2] Citations to docket entries utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

Complaint against Defendants. The Court dismissed Plaintiff's claims against the named and unnamed Defendants in his Complaint with prejudice and without leave to amend. *Id*. at 14.

### B. The Motion

Plaintiff now asks the Court to "re-consider" its Dismissal Order. Dkt. No. 99 at 9. The Motion does not specify under which statute or Federal Rule Plaintiff seeks relief, and the Court notes that Plaintiff did not respond to the U.S. Defendants' argument that the Motion fails under Federal Rules of Civil Procedure 59(e) and 60(b). *See* Dkt. No. 100 at 1; Dkt. No. 101 at 2-3.

Plaintiff does, however, make several arguments in support of his Motion, including that Defendants' sovereign immunities have been waived pursuant to the Help America Vote Act of 2002, 52 U.S.C. §§ 20901-21145 ("HAVA"), Dkt. No. 99-1 at 4, 7, 13-14, and that Defendants and the Court have failed to comply with the Federal Rules of Civil Procedure, in a variety of ways, in connection with the motions to dismiss, *see* Dkt. No. 99 at 2-4, 6-9; Dkt. No. 99-1 at 6, 8, 11-13. In their Opposition, the U.S. Defendants address Plaintiff's argument that HAVA waives sovereign immunity, and more generally argue that Plaintiff has provided "no new information or arguments to change the Court's correct determination." Dkt. No. 100 at 3-4. In his Reply, Plaintiff briefly restates his contentions from the Motion, *see* Dkt. No. 101 at 2-3, and provides a "list of critical facts that were omitted" from consideration in the Dismissal order, *see id*. at 5-7.[3]

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 ("Rule 59") provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion 'only when the [movant] identifies an intervening

---

[3] Plaintiff also forwarded his Reply to Chief Judge Brenda K. Sannes of the United States District Court for the Northern District of New York "pursuant to 28 USC 136(b)." Dkt. No. 101 at 1.

change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Berardi v. Berardi*, No. 1:22-cv-00159 (BKS/DJS), 2023 WL 4544625, at *3 (N.D.N.Y. June 12, 2023) (quoting *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 144 (2d Cir. 2020)). "Further, '[t]he standard for granting a motion to amend or alter the judgment pursuant to [Rule] 59(e) in the Second Circuit is strict and reconsideration will generally be denied.'" *Id*. (quoting *Marshall v. United States*, 368 F. Supp. 3d 674, 677 (S.D.N.Y. 2019)).

> Federal Rule of Civil Procedure 60 ("Rule 60") provides that:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) is 'a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.'" *Berardi*, 2023 WL 4544625, at *3 (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)); *see also Metzler*, 970 F.3d at 143 (observing that the Second Circuit has "described Rule 60(b)(6) as a catch-all provision that 'is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule.'") (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)). Whether to grant a Rule 60(b) motion "is committed to the sound discretion of the district court," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012), however the Second Circuit has noted that "it is an abuse of discretion to deny a motion under Rule 59(e) . . . when the plaintiff

4

was never given an opportunity to replead in the first place," *Metzler*, 970 F.3d at 144.  At the same time, the Second Circuit has more recently articulated that "even when a plaintiff has not had one such opportunity, a district court may properly deny [a plaintiff's] post-judgment motion for leave to amend if her proposed amendments would be futile." *Shull v. TBTF Prods., Inc.*, No. 20-3529, 2021 WL 3027181, at *3 (2d Cir. July 19, 2021) (summary order) (referencing *Metzler*, 970 F.3d at 144).

Finally, the Court remains mindful that "in a *pro se* case . . . the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## IV.   DISCUSSION

### A.   Alleged Waiver of Sovereign Immunity under the Help America Vote Act

As noted in the background above, Plaintiff advances one legal argument in support of his Motion, namely that HAVA constitutes a waiver of federal and state immunities and allows for a private right of action.  Dkt. No. 99-1 at 4, 6-7.  Plaintiff's HAVA argument is unavailing because the Court did not grant either of Defendants' motions on the basis of immunity.[4]  Instead, the Court found that Plaintiff failed to plausibly allege Article III standing to bring the purported claims against both sets of Defendants and further that Plaintiff's asserted claims were implausible and likely frivolous.  Dkt. No. 88 at 11-13.  Accordingly, Plaintiff's argument here does not meet the

---

[4] The Court therefore did not, and does not now, express an opinion on the issue.

"clear error or manifest injustice" prongs of the Rule 59(e) standard, and does not meet the extraordinary circumstances prong of Rule 60, and thus the Motion is denied on this ground.

### B. Alleged Violations of the Federal Rules of Civil Procedure

Next, Plaintiff takes issue with alleged violations of the Federal Rules, including with respect to the New York Defendants' prosecution of their motion to dismiss, the Court's order striking Plaintiff's improperly filed amended complaint, Dkt. No. 37 (the "Strike Order"),[5] and the U.S. Defendants' alleged actions to thwart Plaintiff's effective prosecution of this case. Dkt. No. 99-1 at 5-6, 8-11.

#### 1. Requested Default Judgment Against the New York Defendants

Plaintiff argues that he was entitled to a default judgment against Cushman and the other New York Defendants because their counsel "notified the court that she would appear before the court and a hearing date was scheduled for July 12, 2023. However, she never appeared." Dkt. No. 99 at 8 (citing New York Defendants' Affidavit of Service of Motion to Dismiss and Memorandum of Law, Dkt. No. 13). Plaintiff is mistaken that a hearing was set on the New York Defendants' motion to dismiss; rather, the date that Plaintiff notes was the date that the reply in support of that motion was due, following several requests for extension by Plaintiff, *see* Dkt. No. 41. That Order did not set a hearing on the motion, and did not require the New York Defendants to file a reply. *Id*. ("Defendant shall file *any* reply to the response on or before July

---

[5] *See* Dkt. No. 99-1 at 12-13 (arguing that "the [C]ourt deprived itself of the necessary facts and applicable law in order to make a sound and comprehensive decision"). In seeking to overturn the Strike Order, Plaintiff requests as relief permission "to re-file an Amended Complaint." Dkt. No. 99 at 9. He later filed a supplemental complaint, Dkt. No. 102-1, attached to a motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15 ("Rule 15"), Dkt. No. 102, which he has since sought to withdraw, Dkt. No. 103. While the motion to amend is thus moot, in resolving the instant Motion, the Court nevertheless considers whether Plaintiff should be permitted to amend his Complaint.

6

12, 2023.") (emphasis added). The decision not to reply to an opposition does not operate as a concession to the arguments contained in the opposition and, in fact, the Court weighed all arguments for and against the motion before issuing the Dismissal Order.

### 2. The Strike Order

Plaintiff contends that the Strike Order removed five documents or categories of documents from the docket and thus the Court could not consider them in the Dismissal Order. Dkt. No. 99 at 6-9; Dkt. No. 99-1 at 12-13. The Court finds that the Strike Order complied with both the Federal Rules and Local Rules because Plaintiff's attempt to file an amended complaint was procedurally improper, the Strike Order did not prevent Plaintiff from making a procedurally adequate application to amend his complaint, and ultimately the materials Plaintiff argues should have been considered but were not due to the Strike Order were in fact considered by the Court in the Dismissal Order, to the extent they were relevant to the claims asserted. *See* Dkt. No. 88 at 2-4 & nn.1, 3-5 (the Court considered Plaintiff's subsequently submitted documents containing the same or similar allegations, as well as exhibits to support his allegations). Accordingly, Plaintiff has provided no valid basis for altering the Strike Order.

### 3. Plaintiff's Remaining Procedural Concerns

Plaintiff further argues that the U.S. Defendants are not legally entitled to interfere with his attempts to prosecute his case via alleged cyber-attacks, and that the Court has authority to enjoin such conduct. *See* Dkt. No. 99-1 at 8-12. In particular, Plaintiff contends that following the Strike Order, he crafted a second amended complaint which he intended to file with proper leave of the Court, "[h]owever, the surgical cyber-attacks on the Plaintiff's computer destroyed it." *Id*. at 11. As a cumulative result of Defendants' alleged misconduct, Plaintiff argues that the Court should have, but did not consider, assertions now included in his "list of critical facts that were omitted,"

Dkt. No. 101 at 3 (referring to Dkt. No. 101 at 5-7).  Putting aside the fanciful nature of these further allegations against the U.S. Defendants, Plaintiff's list of critical facts contains twenty paragraphs which assert a variety of facts, all of which either (a) Plaintiff previously submitted and were considered by the Court in the Dismissal Order; (b) Plaintiff previously submitted and were not considered by the Court because they are irrelevant to the claims alleged in the Complaint against Defendants; or (c) are newly submitted to the Court, despite apparently having been known to Plaintiff throughout this lawsuit, but are irrelevant to the claims alleged in the Complaint against Defendants.[6]  Thus, the Court already considered all allegations relevant to Plaintiff's claims in the Dismissal Order and there was no procedural error in this regard.

## V.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration, Dkt. No. 99, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion to amend the complaint, Dkt. No. 102, is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 5, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[6] For example, Plaintiff alleges for the first time in his Reply that he first encountered the named U.S. Defendants because they were "assigned to observe the civil trials involving [his] family business" and later continued their decades-long scheme because "they were seeking a civil lawsuit, as a predicate to a federal criminal tax charge that was originally intended for [Plaintiff's] father" who "was a serial tax cheat." Dkt. No. 101 at 6-7.